With your argument now in the case of United States v. Dave. Ms. McClure. Good afternoon, Your Honors. May it please the Court. My name is Lauren McClure and I represent the appellant Anish Dave. This case involves a proceeding to divest a naturalized citizen, Mr. Dave, of his citizenship, and the government's contention that Mr. Dave illegally procured that citizenship. The case presents two questions for this Court. Whether as a matter of law Mr. Dave was convicted of a crime involving moral turpitude and whether there exists a genuine issue of material fact as to whether Mr. Dave was ineligible for naturalization as a result of having committed unlawful acts that adversely reflect upon his moral character. In a proceeding to divest a naturalized citizen of his citizenship, the government carries a heavy burden to prove its case by clear, unequivocal, and convincing evidence. Here the government has failed to meet that burden by failing to show that Mr. Dave was convicted of a crime involving moral turpitude and by failing to show that no genuine issue of material fact as to whether he was ineligible for naturalization as a result of the unlawful acts provision. Therefore, this case should be remanded to the District Court for further review. Under the immigration... The Ninth Circuit's decision in Quintero Salazar is somewhat of an outlier. Haven't most courts either held or assumed that sexual offenses that involve minors constitute crimes of moral turpitude? No, Your Honor. So many of those cases did not look to the minimum conduct using the categorical approach and oftentimes the statutes they were dealing with required the victim to be an age much less than the age that we're dealing with here. Here under the statute, under the categorical approach, it's the minimum conduct for which a person can be convicted under the statute that determines whether a crime is one involving moral turpitude. Here, using the categorical approach to examine the Illinois statute that Mr. Dave was convicted under, the crime cannot categorically involve moral turpitude. The minimum conduct punishable under the statute involves an act of sexual conduct between a 22-year-old and a victim who was 16 years and 11 months, the age difference between a possible college junior and a high school senior. On its face, this minimum conduct does not rise to the level of conduct that this court has defined as one that is involving moral turpitude. That is inherently vile and abusive. Am I wrong? I thought she was 15 and that Mr. Dave was either 24 or 25. Am I wrong? No, you're not wrong, Your Honor. But in this case, the facts and circumstances of the individual case would not be at issue here. What we would look to is the minimum conduct that is punishable under the statute at hand. So in this case, that's what I'm referring to, the minimum conduct would be sexual conduct between a 22-year-old and a person who was 16 years and 11 months. The Ninth Circuit case you previously mentioned is a well-reasoned and instructive decision on this issue. In that case, they found that it was not categorically a crime involving moral turpitude. The California statute is similar to the Illinois statute at hand, and they found it to not rise to the level of inherently base, vile, or depraved. The court also found that the statute defined conduct that was not prohibited in other states or conduct that is malum prohibitum, as is with the Illinois statute at hand, and therefore it's not a malum in se offense. Therefore, the crime for which Mr. Davey was convicted cannot categorically involve moral turpitude. I would also like to add here, the government does not dispute that the correct approach to apply in this case is the categorical approach. The district court further erred in granting summary judgment, as the government failed to show that even if Mr. Davey was not convicted of a crime involving moral turpitude, that there is no genuine issue of material fact as to whether he was ineligible for naturalization as a result of the unlawful acts provision in the regulations. Here the question is whether or not USCIS would have denied appellant's application, even if the crime does not constitute one involving moral turpitude. This is a question of material fact that cannot be resolved on a motion for summary judgment. The USCIS policy manual clearly states that a good moral character determination is made by USCIS in relation to this unlawful acts provision on a case-by-case basis, and the attorney general therefore retains discretion to approve an application, because no statute or regulation alone categorically precludes his citizenship. Even if this court disagrees, genuine issues of material fact remain in the instant case that should have prevented the court from granting the motion for summary judgment. What is the material fact that is in dispute? The material fact in dispute is whether Mr. Dave committed unlawful acts that reflect upon his moral character. This behavior is, I gather, not in dispute. The question is what inference one draws or what characterization one attaches to that. That's correct. In what the conduct is that we're examining here, the district court made no analysis as to whether the act was an unlawful act that would have precluded his citizenship. They simply stated, because it's a crime involving moral turpitude, it therefore is an unlawful act that adversely reflects his moral character. Here we would contend that the district court needs to make a further inquiry, testimony, and other things that cannot be resolved on a motion. Testimony about what? About the other circumstances involved in this case. I could understand testimony. If this were an event during the time of Tudor England, this kind of age gap might be socially acceptable. Do you want to offer the testimony of a psychologist about whether this is socially acceptable behavior in the United States now? No, Your Honor. The testimony I'm referring to. Then I don't understand what facts there are that would be introduced at a trial. Whether USCIS would have denied the application if the crime does not constitute I don't think the question is whether an agency would have done something. The question is what characterization does the district court attach? The district judge gets to make this decision. Correct, Your Honor. If you think the question is a trial on what an agency would have done, that just sounds not legally relevant to me. Even if the district court is the one to make the decision, as you say, the district court made no analysis in this circumstance as to whether the acts adversely reflect his moral character. They simply made a conclusion that because the crime was one involved in moral turpitude, that it adversely reflected against his moral character. Further, they did not utilize the categorical approach and use the proper method in the case. Therefore, we argue that that does create a genuine issue of material fact, and the case should be remanded back to the district court for further review because the crime does not automatically disqualify him from naturalization. Respectfully, if there's no further questions, I would like to reserve my time for rebuttal. Certainly, Ms. McClure. Thank you. Mr. Mercado-Santana. Thank you. Good afternoon, and may it please the Court, my name is Dr. Mercado on behalf of the United States. Could I start you out, please? May I start you out? Sure. Given that states have established different ages of consent, and some states, Illinois is one of them, allows minors to marry below the age of consent with a parent's permission, why shouldn't we deem this offense to be malum prohibitum rather than malum in se? Because the offense here is it goes against the accepted rules of the community. In what you mentioned, in the cases where an individual can marry with the consent of their parents, at least they have the consent of their parents. They have a supervisory authority that can determine whether the actions they're going to engage are whether the minor is mature enough for those activities. Whereas here, the Illinois law that prohibits the contact between a teenager and somebody who is at least five, if not more, eight years older, those laws are designed to protect juveniles from the harm that sexual conduct can cause on them. So that is an important difference between the divorce, between the marriage laws and the age of consent law here at issue. And which takes me into the facts of this case. This is a case in which the plaintiff, I'm sorry, the defendant, Mr. Dave, he applied to become a citizen. Then two days later drove all the way from Aurora, Illinois to Champaign to have sex with a 15-year-old. And this is conduct that is clearly not one that we expect in, that we don't want, that we don't expect on our citizens. It's not conduct that reflects on the individual's good moral character. And I want to move to the main point of our argument. This is, and that is that the crime that Dave committed is an unlawful act that adversely reflects on his moral character. And the unlawful act regulation, first of all, this court in Suarez found that it was a reasonable construction of the good moral character statute. So there is, so to the extent that there might have been some ability of the agency to exercise discretion, it did so as a court found in Suarez that the regulation is a reasonable construction of the statute. The regulation clearly states that an applicant shall be found to lack good moral character if they commit an unlawful act that adversely reflects on their moral character and no extenuating circumstances exist. First of all, the act, Dave's actions are clearly unlawful because they are illegal. As many courts have found that just the mere fact that an action, that an act is illegal, it meets the prong of unlawful. Second, the act adversely reflects on his moral character. We are talking about an individual who had sex with a 15-year-old girl. This is not a fact that is disputed. He admitted this in his, he pleaded guilty to this fact in open court. And he indeed, he pleaded guilty to an offense that places victims at inherent risk of implementation, injury, emotional harm just for the adult's gratification. And this is, even more, this is conduct that could have placed him, could have made him removable. As such, it reflects poorly on Mr. Dave's, on Mr. Dave's good moral character. And lastly, there is simply no extenuating circumstances here that lessen or palliate Mr. Dave's conduct. As it is clear from the brief before the district court, as well in the court of appeals, Mr. Dave has brought no, has pointed to no facts that would explain why he, why there were extenuating circumstances or why there may have been extenuating circumstances. And he just cannot show any. And because of this reason, this is the unlawful act regulation clearly demonstrates that Mr. Dave, when he applied, when he was naturalized, he was, he was ineligible for that citizenship. And because he was ineligible under the, under the unlawful act regulation, his naturalization should be revoked and set aside. Now, in terms of, in terms of the arguments that they, that Dave have brought to, to this court, Mr. Dave argues that there should be an issue as to, there's an issue as to whether USCIS would have granted the application. However, nowhere in the statute or the regulation there is a requirement that, that the government must prove that it would have not applied the, would have, I'm sorry, it would not have approved the application. First, the, as the Supreme Court said in Fedorenko, naturalization, the individual, the illegal procurement basis for denaturalization, all it, all it does is ask whether the person was eligible for naturalization to begin with. If the person was not, then the naturalization was illegally procured. And there is no, furthermore, there is no equitable discretion in granting or not granting or revoking naturalization. So if an individual, if an individual illegally procured citizenship, there is simply no equitable discretion to refuse to enter an order. And also in the court in Suarez, it did not, it clearly stated that Congress did not intend for applicants to escape natural, escape the effects of denaturalization simply because they were able to take the oath of allegiance before they're, before they were convicted of those crimes. So therefore, because of this reason, the, Mr. Dave illegally procured naturalization because he lacked good moral character due to unlawful acts that adversely reflect upon his moral character. I assume this is at least claimed to be a consensual relationship, right? Sorry? Consensual? I mean, it may not matter, but I assume that was not some kind of an assault or something. Yeah, this was not a, this was not a rape by force situation. This was a statutory rape situation. But it still, but still we're dealing with the fact where a 25-year-old drove from the suburbs to central Illinois to have sex with a minor he met online. And lastly, I want to point that Mr. Dave relies on the 2015 USCIS policy manual. This is how he submitted it to this court for the first time on appeal. It has, he never brought the issue regarding the manual to the district court, which consequently he waived the argument regarding reliance on the 2015 manual. But even so, but even then, the truth is, he naturalized in 2005. The 2015 version was clearly inapplicable by then. And second, Your Honor, with regards to the second point, Dave's crime is a crime involving moral turpitude. If the court, the court doesn't need to reach the CIMT as long as they, if the court finds that one of these bases is sufficient to, if he, if Mr. Dave lacked with moral character on either of these bases, the court can find that he illegally procured. So if the court does find that he doesn't, that he didn't commit an unlawful act, the court can still find that he, that his crime is categorically a CIMT. And yes, we are, and this crime in its minimum conduct, even if we're looking at conduct involved in the person who was 16 with a person who was 22, as plaintiff, as the appellant argues, this conduct is still conduct that shocks the public conscience. This is sexual contact with minors. This is conduct that have been frequently found to be crime involving moral turpitude because it involves the sexual exploitation and coercion of minors at the, for the gratification of adults. And yes, and it is true that there is one case in the Ninth Circuit, the Quintero decision, that has found otherwise. That decision, first of all, it is not binding. It is an outlier. And as the court in Quintero said, the court in Quintero relied on the purposes of California law, which were to decrease teenage pregnancies. These are not the purposes behind the Illinois law. The Illinois law, as the Supreme, the state Supreme Court stated in Lois, is just to protect juveniles from exploitation. So the purposes that underline the decision in Quintero are not applicable in this case. In the process, was there some time when he lied about something or didn't disclose something that would jeopardize the naturalization, had he done so? I'm sorry, I couldn't hear what you meant. Well, I'm trying to clear up, is there something, I mean, this is sort of obscotched through a process. When this occurred, he was naturalized, and then something subsequent to that, he was discovered as having, what, misrepresenting something in the past or lied about it or something? Yes, my time is up, but I'll quickly explain the timeline. So first he puts the application in the mail. Then he commits the crime. He gets arrested. Then he gets called for his interview. He gets what? He gets called for his naturalization interview. He gets interviewed by USCIS. There is a disputed fact about what happened on the interview, whether there's disputed issues as to whether he disclosed or not disclosed the crime. Or I'm sorry, let me rephrase. There are disputed issues as to whether USCIS asked questions regarding the crime. I see. It didn't ask the right questions. That's a disputed issue. And then he was able to naturalize. And then later, he naturalized in March, and then later in March he pleaded guilty. And unless the court doesn't have any more questions, we ask the court to sustain the judgment of the district court. Thank you. Thank you, Mr. Mercado. Anything further, Ms. McClure? Yes. I just want to briefly address the arguments made by counsel regarding the unlawful acts provision. The whole decision by the district court relied upon the fact that the crime was one involving moral turpitude. So here, if we're assuming the crime is not one involving moral turpitude, no analysis was made by the district court as to whether the acts adversely affected his moral character. There is a genuine issue of material fact, whether these acts adversely reflect upon his moral character. And this alone is enough to remand the case to the district court. And if there is nothing further, thank you for your time. Thank you very much. The case is taken under advisement.